IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CYNTHIA JUAREZ-DAVENPORT** | § § § | |
| v. | § § | CIVIL ACTION NO._____ |
| | § | JURY TRIAL |
| **ARANSAS COUNTY, TEXAS; and SHERIFF WILLIAM MILLS,** *in his Official Capacity* | § § § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**NOW COMES** Cynthia Juarez-Davenport (hereinafter "Plaintiff"), by and through her undersigned attorneys of record, filing this, her *Plaintiff's Original Complaint*, against Aransas Count, Texas, and Sheriff William Mills (hereinafter "Defendants"), and, for cause of action, showing unto this Court as follows:

### I.
### NATURE OF THE SUIT & PRELIMINARY STATEMENT

1. This is an action brought by Plaintiff for sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and for depriving Plaintiff of her retirement/employment benefits in violation of 29 U.S.C. §§ 1001, *et seq.*, ("ERISA").

2. Plaintiff also brings this action against Sheriff William Mills in his capacity as the Aransas County Sheriff. As described more fully below, Defendants, acting under color of state law, deprived Plaintiff of her employment in the Aransas County Sheriff's Department without due process of law. Sheriff Mills is the County official who had the power to terminate Plaintiff's employment, actually did terminate her employment and now has the power to reinstate her.

3. Plaintiff seeks a declaration by this Court, in accordance with the Texas Uniform Declaratory Judgment Act and Texas Civil Practice & Remedies Code, Sections 37.001, *et seq.*, that Sheriff Mills violated Texas Government Code Sections 614.022 – .023, as set forth below, thereby,

illegally terminating Plaintiff.

4. On March 11, 2019, Plaintiff filed a Charge of Discrimination (No. 451-2019-01458) with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based upon sex.

5. On May 24, 2019, Plaintiff received a *Dismissal and Notice of Rights* from the EEOC. Plaintiff has therefore complied with all conditions precedent and exhausted all administrative remedies prior to filing suit. Plaintiff now timely files this, her *Plaintiff's Original Complaint*, within ninety (90) days of receiving her *Dismissal and Notice of Rights*.

6. Defendants, at all relevant times hereto, were employers as defined by and within the meaning of Title VII of the Civil Rights Act of 1964 and 42 U.S.C.S. § 2000e *et seq.*, and is engaged in interstate commerce while employing more than fifteen (15) persons.

7. Plaintiff seeks declaratory relief, injunctive relief and reinstatement, as well as damages and reasonable attorney's fees.

## II.
## PARTIES

8. Plaintiff is a female citizen of the United States and is a resident of Aransas County, Texas.

9. Defendant, Aransas County, Texas, is a political subdivision of the State of Texas, and can be served with citation upon County Judge C.H. "Burt" Mills, Jr., at the Aransas County Courthouse, located at 2840 Highway 35 N., Rockport, Texas 78382. III.

10. Defendant William Mills is the Sheriff of Aransas County, Texas, and can be served with citation at the Aransas County Public Safety Center, located at 714 East Concho St., Rockport, Texas 78382.

## III.
## JURISDICTION & VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343 and 1337 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, Plaintiff asserts causes of action involving federal questions based upon Title VII of the Civil Rights Act of 1964 and ERISA.

12. This Court has supplemental jurisdiction over Plaintiff's State claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the other claims herein in which this Court has original jurisdiction, and collectively these claims form part of the same case or controversy under Article III of the United States Constitution.

13. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events or omissions giving rise to the claims herein occurred in said District. Additionally, Defendants are residents of said District. Because the acts/omissions giving rise to Plaintiff's claims occurred in Aransas County, Texas, venue is appropriate in the Corpus Christi Division of the Southern District of Texas.

## IV.
## BACKGROUND FACTS

14. Whenever in this Complaint Plaintiff pleads that Defendants engaged in an act or omission, Plaintiff likewise pleads that Defendants, their officers, agents, servants, employees or representatives, engaged in said act or omission in the course and scope of employment and/or with the full authorization or ratification of Defendants.

15. Plaintiff was employed as a law enforcement officer from February 3, 2014, through January 30, 2019. Throughout her employment, Plaintiff was subjected to discrimination, harassment and generally a hostile workplace environment based upon her sex.

16. For example, when Plaintiff interviewed for deputy sheriff, she was told by her male interviewer that he did not want to hire a female but was being pressured to do just that against his wishes and even told Plaintiff during her interview, "I don't want to hear you complain about anything. I don't care if [someone] farts on you or if the guys are spitting all over the place. No one wants you here."

17. It is also Plaintiff's understanding that during the Summer of 2012, a different male deputy who was on duty, responded to a call from his friend who asked for assistance with a personal civil matter. An investigation revealed that deputy intervened in the personal matter without authority, which resulted in a write-up and five days off without pay. In reality, the male deputy was actually allowed to use vacation time and was essentially rewarded for his impropriety with a five-day paid vacation.

18. Another example of the ongoing hostile work environment occurred during the Summer of 2015. When a female deputy asked to participate in a fishing trip which the men were all invited to, the male deputy she asked explained that females are not welcome. Later that summer when the same female deputy asked if she could join "choir practice" – a rotating house party known for good food and booze – a male deputy participant/organizer explained that women are not allowed and told her not to "screw it up" for the all of the guys. In addition to being shunned from the department's ALL MALE fishing trips and "choir practices," the department also holds an annual winter hunting expedition that women are not allowed to attend.

19. In August of 2017, the discrimination persisted when Plaintiff was promoted to Civil Process. The male deputy who previously held that position was included in all of the felony warrant executions because it was one of his job duties, but when Plaintiff took over the position she was excluded from the felony warrant executions and that duty was taken away. When Plaintiff asked why, she was told "if you don't like it Ingleside is hiring."

20. Another male co-worker had an extra-marital affair with a woman who was also married whom he visited one day while on duty. At some point, the woman's husband also showed-up and he and the deputy got into a serious physical altercation. That deputy was punished for his acts with a five-day suspension and was later promoted.

21. During the Summer of 2018, a male deputy who was arrested for driving while intoxicated was immediately terminated but rehired after his charges were dismissed.

22. Also during the Summer of 2018 a male deputy was called out in the middle of the night TWICE to an incident involving the sexual assault of a child and completely failed to respond to the calls. As such, the suspects were let go which gave them the opportunity to cover their tracks and compromise the investigation. That deputy was demoted for his actions rather than being terminated.

23. In January of 2019, Plaintiff was informed she was being fired and told by the male deputy doing the firing that he did not know the reason why. A performance problem related to Plaintiff's termination was not documented and it was not until several months later – in response to Plaintiff filing her charge of discrimination with the EEOC – that Aransas County offered information indicating Plaintiff was terminated for "tipping off" a criminal suspect who was being investigated for sexual assault of a child. In reality, it was a fellow male deputy who had actually tipped-off the suspect,[1] which would have been easily revealed if an investigation had been conducted by the department.

24. In February of 2019, Aransas County issued an unfavorable F-5 report to TCOLE (Texas Commission on Law Enforcement) regarding Plaintiff. Said report did not contain an explanation of the circumstances under which Plaintiff was terminated. Further, a complaint was never filed against Plaintiff – even if one was, Plaintiff has never received that complaint

---

[1] That male deputy was later allowed to quit in lieu of termination.

– and a meaningful investigation into the accuracy of any allegations was not performed prior to the issuance of the F5 report.

25. TEX. GOV'T CODE ANN § 614.023 provides that (a) a copy of a signed complaint against a law enforcement officer of this state or a fire fighter, detention officer, county jailer, or peace officer appointed or employed by a political subdivision of this state shall be given to the officer or employee within a reasonable time after the complaint is filed; (b) Disciplinary action may not be taken against the officer or employee unless a copy of the signed complaint is given to the officer or employee; (c) In addition to the requirement of Subsection (b), the officer or employee may not be indefinitely suspended or terminated from employment based on the subject matter of the complaint unless: (1) the complaint is investigated; and (2) there is evidence to prove the allegation of misconduct. According to TEX. GOV'T CODE ANN § 614.022, the complaint also must be in writing and signed by the person making the complaint.

26. Under Chapter 614 of the Texas Government Code, if a complaint was lodged against Plaintiff, the County was required to provide Plaintiff with the complaint, in writing, signed by the person making the complaint, within a reasonable amount of time. A complaint was never made regarding Plaintiff, and even if a complaint had been made, that complaint – to date – has not been provided to her, making Plaintiff's termination, in-and-of-itself, statutorily impermissible under Chapter 614.

**V.**
**COUNT ONE: SEXUAL HARASSMENT AND DISCRIMINATION**
**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

27. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

28. Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff, by harassing Plaintiff, by creating a hostile workplace

environment based upon Plaintiff's sex, in connection with compensation, terms, conditions or privileges of employment. Defendants' actions were taken with malice or with reckless indifference to Plaintiff's federally protected rights.

## VI.
## COUNT TWO: VIOLATIONS OF TEXAS GOVERNMENT CODE CHAPTER 614

29. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

30. Defendants, acting under color of law, deprived plaintiff of her employment with the Aransas County Sheriff's Department without due process of law, in violation of the 5th and 14th Amendments of the United States Constitution.

31. Specifically, Plaintiff had a constitutionally protected property interest in her employment as a law enforcement officer in the Aransas County Sheriff's Department arising from the provisions of Texas Government Code Chapter 614.

32. Further, Plaintiff had a legitimate expectation of continued employment in the absence of a complaint that was signed, delivered, investigated, and supported by evidence. Defendants terminated Plaintiff without giving her a complaint as required by Chapter 614.

33. Defendants did not provide Plaintiff with: (1) notice of the charges against her; (2) an impartial tribunal to determine the validity of the unstated charges against her; or (3) a meaningful hearing at a meaningful time.

34. As a direct and proximate result of Defendants' conduct set forth above, Plaintiff has been damaged, suffering loss of wages and benefits, suffering mental anguish, and incurring attorney's fees and costs.

35. Plaintiff seeks a declaration by this Court, in accordance with 28 U.S.C.§ 2201 and the Texas Uniform Declaratory Judgment Act, Texas Civil Practice & Remedies Code, Sections 37.001, *et seq.*, that Sheriff William Mills violated Texas Government Code Sections 614.022 – .023.

36. Plaintiff was terminated and was never given a reason for her termination for nearly three months. A complaint was never filed, nor signed by the complainant, nor given to Plaintiff. Plaintiff seeks a declaration that her termination on January 30,, 2019, was in violation of Texas Government Code Sections 614.022 – .023.

## VII.
## DAMAGES

37. Plaintiff seeks declaratory relief, and equitable and prospective relief in the form of reinstatement as of January 31, 2019, including equitable awards of salary and benefits for the period of time following the illegal termination until actual reinstatement.

38. Plaintiff pleads that Defendants, and their agents, employees and representatives, have caused Plaintiff grievous harm and damages. As a direct and proximate result of their violations of state and federal law, Defendants have caused Plaintiff to suffer lost past and future wages. Plaintiff is entitled to pecuniary damages for lost past and future wages to be determined at inquest.

39. Plaintiff pleads that Defendants have caused her to suffer acute mental anguish including, but not limited to, extreme emotional distress and mental pain, intense feelings of depression, low self-esteem, humiliation, belittlement, shame, nausea, loss of sleep and appetite. Plaintiff will, in all likelihood and for the balance of her life, continue to suffer mental anguish. As such, Plaintiff is entitled to compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

40. Plaintiff pleads that Defendants violated Plaintiff's civil rights with malice or reckless indifference to her federally protected rights. As such, Plaintiff is entitled to punitive damages in an amount to be determined at inquest and at the maximum rate permitted by law.

41. Plaintiff was forced to secure the undersigned counsel to protect her civil rights and, therefore, requests an award of attorney's fees.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon final trial on the merits she recover judgment against Defendants, said judgment entitling Plaintiff to:

a. Compensation for all reasonable damages suffered by Plaintiff, including, but not limited to, past and future wages and other compensation, in an amount to be determined upon inquest;

b. Compensation for compensatory and punitive damages, in an amount to be determined upon inquest;

c. Pre-judgment and post-judgment interest, at the maximum rate permitted by law;

d. All costs of court expended in this lawsuit;

e. Reasonable and necessary attorney's fees;

f. A mandatory injunction reinstating Plaintiff's employment benefits, retroactive to January 31, 2019;

g. A judgment finding that Defendants deprived Plaintiff of her interest in her employment with the Aransas County Sheriff's Department without due process;

h. Such other and further legal relief, either at law or equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

GALE LAW GROUP, PLLC
711 N. Carancahua St., Suite 514
Corpus Christi, Texas 78401
Mailing Address:
P.O. Box 2591
Corpus Christi, Texas 78403
Phone Number: 361-808-4444
Fax Number: 361-232-4139

BY: */s/ Amie Augenstein*
Amie Augenstein
*Attorney-in-Charge for Plaintiff*
Texas Bar No. 24085184
Southern District Bar No. 2236723
Amie@GaleLawGroup.com

9

*/s/ Christopher J. Gale*
Christopher J. Gale
*Attorney for Plaintiff*
Texas Bar No. 00793766
Southern District Bar No. 27257
Chris@GaleLawGroup.com

**<u>Demand for Jury Trial</u>**

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 38(b).