**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| CYNTHIA JUAREZ-DAVENPORT | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. |
| ARANSAS COUNTY, TEXAS; and | § | 2:19-CV-00240 |
| SHERIFF WILLIAM MILLS, *in his* | § | JURY TRIAL |
| Official Capacity | § | |

**DEFENDANTS', ARANSAS COUNTY, TEXAS, and SHERIFF WILLIAM MILLS,** *in his Official Capacity,* **ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants, Aransas County, Texas, and Sheriff William Mills, *in his Official Capacity,* and files this their Answer to Plaintiff's First Amended Complaint and in support thereof would respectfully show unto the Court as follows:

1. Defendants admit that Plaintiff has brought a claim for sexual discrimination but deny any violation of the Plaintiff's rights and state she is not entitled to any recovery.

2. Defendants admit the allegations contained in Paragraph 2 of the Plaintiff's First Amended Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of the Plaintiff's First Amended Complaint.

4. Defendants admit the allegations made in Paragraph 4 of Plaintiff's First Amended Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint but deny that Plaintiff is entitled to declaratory relief, injunctive relief, reinstatement, damages or attorney's fees.

8. Defendants admit the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint.  In that connection, many of the alleged actors described in the Plaintiff's First Amended Complaint are unnamed and are not policymakers for Aransas County, Texas. The only policymaker for Aransas County, Texas is Sheriff William Mills who has been sued herein in his official capacity.

15. Defendants agree that Plaintiff was employed as an Aransas County deputy from February 3, 2014 through January 30, 2019.  The Defendants deny that during her employment Plaintiff was subjected to any discrimination, harassment or hostile work environment based

upon her sex. In fact, in February of 2014 the Plaintiff, who was female at the time, was hired by Sheriff Mills. Subsequently, in or about August of 2017, the Plaintiff applied for a position in the Civil Process Division of the Aransas County Sheriff's Office. Again, Sheriff William Mills promoted Cynthia Juarez Davenport to the position she requested. At the time of that promotion she was, again, female. Further, even the Plaintiff admits that at no time did she ever complain to Sheriff William Mills about being treated unfairly while she was a Sheriff's Deputy at the Aransas County Sheriff's Office. Further, the Aransas County Sheriff's Office has a written policy and procedure outlining the remedy and procedure that an employee should follow if they feel they have been the victim of any type of discrimination based upon their sex. At no time did the Plaintiff, Cynthia Juarez Davenport, ever make a complaint about sex discrimination pursuant to that policy.

16.     The Defendants deny the allegations contained in Paragraph 16 of Plaintiffs' First Amended Complaint. Further, in that connection, Sheriff William Mills is the person who hired Cynthia Juarez Davenport. In fact, when she graduated from the police academy, Sheriff William Mills is the one who "pinned" her and hired her as an Aransas County patrol deputy. There was no interview at all. The Sheriff was familiar with Cynthia Juarez Davenport because she had previously worked in the Aransas County Detention Center as a jailer. Again, at that time, she was female and she was under the employ of Aransas County Sheriff William Mills. It defies logic that Sheriff Mills would hire her as a jailer then hire her as a patrol deputy then again promote her to civil process and at all times she was female and then to subsequently terminate her in January of 2019 because of her gender. If Sheriff Mills had a bias against Cynthia Juarez Davenport because of her gender, female, he never would have hired her in the first place as a jailer and then hired her again as a deputy and then promoted her to civil process. To illustrate

this position even further, once Cynthia Juarez was terminated, she was replaced with another female deputy. Clearly, if Sheriff Mills had some type of bias against female deputies, he would have never hired or promoted Cynthia Juarez in the first place and he wouldn't have replaced her with another female.

17. Defendants deny the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint. Further, Defendants state that the unnamed male deputy described in Paragraph 17 of Plaintiff's First Amended Complaint is not a valid comparator in that the conduct allegedly occurred in the Summer of 2012 nearly seven years before the Plaintiff was terminated and the allegations against this deputy are not substantially similar to the allegations made against the Plaintiff herein.

18. Defendants deny the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint. Specifically, Plaintiff makes an allegation that during the Summer of 2015, nearly four years prior to the Plaintiff being terminated, that a female deputy, other than Plaintiff, asked to participate in a fishing trip and that the same female deputy (not Cynthia Juarez Davenport) asked if she could join in "choir practice which was a rotating house party known for good food and booze". First, neither this fishing trip or "choir practice" are Aransas County sponsored events. It is the understanding of the Sheriff that a few male deputies would, on occasion, go on fishing trips in the lower Laguna Madre where they would stay overnight at a cabin on an island in the middle of the Laguna Madre. Who these deputies choose to invite for fishing trips when they are off duty is up to them and is certainly not a policy, practice, custom or procedure of the Aransas County Sheriff's Office. The Sheriff never participated in any of these fishing trips either. With regard to "choir practice", it is the Sheriff's understanding that a group of Sheriff's deputies were archery hunters. It is the Sheriff's understanding that they

4

would get together off duty and practice archery shooting. These practice sessions were in no way sponsored by the Aransas County Sheriff's Office and again were a voluntary association of some deputies when they were off duty. Whom they chose to invite or welcome into attendance at these off duty social gatherings have nothing to do with the policy, practice, custom or procedure of the Aransas County Sheriff's Office. In fact, there was a Sheriff's Office sponsored dove hunt once a year. All members of the Aransas County Sheriff's Office including, Cynthia Juarez Davenport, and their spouses or dates were invited.

19. Defendants deny the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint. Plaintiff's allegation in this regard again defies logic. The Plaintiff alleges that "the discrimination persisted when Plaintiff was promoted to Civil Process." How can someone claim that the Sheriff is discriminating against her based upon her sex when he promoted her to Civil Process? Further, the Plaintiff has admitted in her deposition that she never made any complaint about any discrimination to Sheriff William Mills.

20. Defendants cannot admit or deny the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint because there are no dates and there are no names in the allegations. However, a complaint was made against Cynthia Juarez about being in a relationship with a married man, LP. That matter was investigated with the investigation revealing numerous communications between LP and Cynthia Juarez Davenport and the story from LP was that Cynthia Juarez Davenport was just helping him obtain an assumed name registration for tax purposes. It was undetermined whether Cynthia Juarez was in a relationship with a married man and no discipline was given. Again, if the Sheriff had a bias against female deputes, this would have been an opportunity to discipline or possibly terminate her.

21. Defendants admit the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint. To further explain the situation involved, a male deputy, while off duty, was involved in an accident on private property. The police officer who investigated the accident had a past history with this Aransas County off duty officer which involved a mutual female friend. The Aransas County officer was arrested for a DWI by the police officer. In all likelihood he never should have been arrested because the arresting officer did not observe him driving the vehicle and the incident occurred on private property. Nevertheless, while the charges were pending, the Aransas County male deputy was terminated. Once the charges were not accepted by the District Attorney because there was no violation of law, the male deputy reapplied and was rehired when a vacancy came up. Under no circumstances should this male deputy be considered a comparator with the Plaintiff.

22. Defendants admit the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.

23. Defendants admit that Plaintiff was terminated in January of 2019 for tipping off a criminal suspect who was being investigated for sexual assault of a child. Defendants deny the remainder of the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint. The Plaintiff was terminated for a legitimate nondiscriminatory reason in January of 2019 as part of an investigation into the felony sexual assault of a minor. EG, the mother of the minor, gave a videotaped interview to the Aransas County Sheriff's Office where she explained that Travis Cochran had been tipped off by his boss that he was under investigation for sexual assault of a minor. Travis Cochran's boss at the time was Daniel Davenport who at the time was the husband of Cynthia Juarez Davenport. EG stated in her videotaped interview that Travis Cochran's boss had been told by his wife, who works at the Aransas County Sheriff's Office,

6

that Travis Cochran was being investigated for sexual assault of a minor. In Cynthia Juarez's deposition she admits that she is the person who was described by EG in the interview. Cynthia Juarez Davenport also admits that if, in fact, she had disclosed the criminal investigation of Travis Cochran to her husband that it would be grounds for termination. Sheriff Mills' nondiscriminatory reason for terminating Cynthia Juarez was because he reasonably believed that Plaintiff told her husband about the investigation of Travis Cochran and that her husband confronted Travis Cochran about that investigation.

24. Defendants admit that Aransas County issued an unfavorable F5 report to TCOLE regarding the Plaintiff. However, that unfavorable F5 report was subsequently amended based upon later discovered information.

25. Defendants deny that Texas Government Code Section 614.023 applies to the facts of the Plaintiff's termination in that no complaint was made against Cynthia Juarez Davenport. Rather, as part of an investigation of another crime, information was discovered internally by the Sheriff's Office that led to the termination of Cynthia Juarez Davenport.

26. Defendants deny that Texas Government Code Section 614.023 applies to the facts of the Plaintiff's termination in that no complaint was made against Cynthia Juarez Davenport. Rather, as part of an investigation of another crime, information was discovered internally by the Sheriff's Office that led to the termination of Cynthia Juarez Davenport.

27. No response necessary.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

42. Defendants, Aransas County, had a legitimate nondiscriminatory reason for the termination of Cynthia Juarez Davenport. As part of an ongoing criminal investigation into the sexual assault of a minor, the minor's mother, EG, gave videotaped interview to the Aransas County Sheriff's Office. In that interview EG identified a person, who Cynthia Juarez Davenport admits would be her, who "tipped off" the alleged perpetrator of the sexual assault of a minor. That perpetrator is Travis Cochran. Travis Cochran was an employee of Cynthia Juarez Davenport's husband, Daniel Davenport. Travis Cochran has now been arrested and charged with aggravated sexual assault of a minor. The Plaintiff has admitted under oath in her deposition that in the event she had provided information to her husband that resulted in Travis Cochran being "tipped off", that that conduct would be grounds for termination. Sheriff Mills reasonably believed EG's videotaped interview and terminated Cynthia Juarez Davenport based upon that belief. The termination had nothing to do with her sex – female.

43. Further, the Plaintiff was hired by Sheriff Mills as a jailer when she was female. The Plaintiff subsequently left the Aransas County Sheriff's Office Detention Center and secured her peace officer's certificate. Upon obtaining that certificate Sheriff Mills immediately hired Cynthia Juarez Davenport as a patrol deputy in 2014. Subsequently, in August of 2017 the Plaintiff applied for a move to the Civil Process Department. Sheriff Mills promoted Cynthia Juarez Davenport to the civil process position in August of 2017. At all times Cynthia Juarez Davenport was female. It defies logic that if the Sheriff were going to discriminate against Cynthia Juarez Davenport because of her sex – female, he would not have hired her as a jailer, he

9

would not have rehired her as a patrol deputy and he would not have promoted her in August of 2017 to civil process. The close proximity in time to Sheriff Mills' hiring and promoting of Cynthia Juarez Davenport while she was a female, creates a presumption that her termination in January of 2019 was not the result of discrimination based upon her sex.

44. Pleading further, the Defendants state that once Cynthia Juarez Davenport was terminated, she was replaced with another female deputy. Again, if the Sheriff had a bias against females which led to the termination of Cynthia Juarez Davenport, he certainly would not have hired another female to take her place.

45. Pleading further, the Defendants state that the Plaintiff has failed to mitigate her damages because she has not exercised reasonable diligence in finding other comparable law enforcement employment.

46. Pleading further, Chapter 614 of the Texas Government Code does not apply because Plaintiff was not terminated as a result of a "complaint". The Plaintiff was terminated because the Sheriff reasonably determined that the Plaintiff's actions had likely interfered with and potentially compromised an ongoing criminal investigation which the Plaintiff has admitted would be a violation of her duties and grounds for termination. This termination was the result of an internal investigation and based upon the Sheriff's personal knowledge. To provide the Plaintiff with a written statement and signed by the Sheriff explaining the reason for the Plaintiff's termination, would likely further compromise the then, still ongoing criminal investigation into the aggravated sexual assault of a minor. Once the alleged perpetrator of the aggravated sexual assault of a minor was arrested and charged with a crime, both the recorded interview with the victim's mother and the reason for the termination were provided to the Plaintiff. An interpretation of Chapter 614 of the Texas Government Code which would require

10

the Aransas County Sheriff's Office to compromise an ongoing criminal investigation of alleged sexual assault of a minor by providing that information to the affected employee, would clearly be against public policy and not a valid interpretation.

47. Defendants specifically deny that Texas Government Code Section 614 gives Plaintiff a reasonable expectation of continued employment.

48. Defendants specifically deny that Texas Government Code Section 614 gives Plaintiff a property interest in her job.

49. Defendants affirmatively plead that Plaintiff was an at will employee and could be terminated at any time for any reason or no reason at all.

50. Defendants plead that Plaintiff's claim is not the proper subject of a declaratory judgment action and, as such, Plaintiff is not entitled to recover attorney fees.

51. In the event the Court determines that Texas Government Code Section 614 is applicable and was not initially complied with, Plaintiff's damages are limited to the time period from her termination until she or her attorney were provided with the reason for her termination.

52. Any lost wage recovery is limited to the after-tax monies Plaintiff would have received.

WHEREFORE, PREMISES CONSIDERED, Defendants, Aransas County, Texas, and Sheriff William Mills, *in his Official Capacity*, pray that upon final trial the merits hereof that the Plaintiff take nothing by her suit and that all allegations against the Defendants be dismissed with prejudice.

Respectfully submitted,

CULLEN, CARSNER, SEERDEN & CULLEN, L.L.P.
119 South Main Street (77901)
Post Office Box 2938
Victoria, Texas 77902-2938
(361) 573-6318; (361) 573-2603 Fax

By: /s/ Kevin D. Cullen
    Kevin D. Cullen, Federal ID No. 957
    ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing pleading has been served on all counsel of record on this the 18th day of October, 2019 via ECF electronic notice in compliance with Rule 5 of the Federal Rules of Civil Procedure and paragraph 9 of the Southern District of Texas's Administrative Procedures for Electronic Filing in Civil and Criminal Cases by notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure.

/s/ Kevin D. Cullen
Kevin D. Cullen